**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

# 11 CV · 1559

|  |  |
|---|---|
| Peter Obe, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Consumer Portfolio Services, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Peter Obe, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Peter Obe ("Plaintiff"), is an adult individual residing in Pomona, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, Consumer Portfolio Services, Inc. ("CPS"), is a California business entity with an address of 19500 Jamboree Road, Irvine, California 92612, operating as a

1

collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by CPS and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      CPS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      A financial obligation (the "Debt") was incurred to a creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to CPS for collection, or CPS was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  CPS Engages in Harassment and Abusive Tactics

12.     In January, 2011, Plaintiff received a call from Defendants who were trying contact a "Natasha," the individual who incurred the debt.

13.     Plaintiff informed Defendants he did not know who that individual was.

14.     In that first call, the Defendants failed to identify themselves or inform the Plaintiff that the communication was from a debt collector and that everything Plaintiff said would be used for that purpose.

2

15. Defendants called Plaintiff the next day in an attempt to collect the same debt.

16. Defendants again requested a "Natasha."

17. Plaintiff stated that he did not know who the individual was and requested that they cease calling him.

18. The Defendants continued to call.

19. In subsequent calls the Defendants asked the Plaintiff "why are you covering for your girlfriend?"

20. This statement was overheard by the Plaintiff's spouse.

21. During all calls the Plaintiff informed CPS that the individual CPS was searching was not his friend and requested that the Defendants cease calling him.

22. The Defendants used numerous other abusive tactics.

23. The Defendants used expletives, hung up on Plaintiff, then called him back again and continued using expletives.

24. The Defendants would hang up on the Plaintiff and then call him back immediately.

## C. Plaintiff Suffered Actual Damages

25. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

26. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

27. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and

3

utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

28.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

30.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a telephone to ring and engaged the Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass the Plaintiff.

31.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

34.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

35.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of New York.

36.     All acts of the Defendants and the Collectors complained of herein were

4

committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## COUNT II
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

37.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

38.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

39.     The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

40.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

41.     By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1.   Against the named the Defendants, jointly and severally, awarding the Plaintiff

5

actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named the Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

4. Against the named the Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

6. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 9, 2011

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorneys for Plaintiff